**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN THE MATTER OF THE CRIMINAL COMPLAINT OF:**<br><br>**SAMUEL GRANADOS-DUARTE**<br>**aka PEDRO MIRANDA CRUZ** | **CASE NO.** 2:26-mj-618 |

**AFFIDAVIT OF DEPORTATION OFFICER SUHA D. PENG**
**IN SUPPORT OF CRIMINAL COMPLAINT**

I, United States (U.S.) Immigration and Customs Enforcement (ICE) Deportation Officer Suha D. Peng, being first duly sworn, depose and state as follows:

1. I am a Deportation Officer (DO) with Enforcement and Removal Operations (ERO), Immigration and Customs Enforcement (ICE), Department of Homeland Security (DHS), with 17 years of combined experience as a U.S. Border Patrol Agent and ICE Deportation Officer, duly appointed according to law and acting as such. I am assigned to the Columbus, Ohio ERO Office, Criminal Alien Program team. I have investigated both criminal and administrative violations of immigration law. I have successfully completed the United States Border Patrol Academy at the Federal Law Enforcement Training Center in Artesia, New Mexico.

2. While investigating Samuel GRANADOS-Duarte (hereafter "GRANADOS"), I have learned the following facts about him.

3. GRANADOS is a citizen of Mexico with no legal status in the United States.

4. On or about May 1, 1999, the United States Border Patrol (USBP) arrested GRANADOS at or near Eagle Pass, Texas after determining that he had illegally entered the United States from Mexico. On an unknown date, GRANADOS was voluntarily returned from the United States to Mexico via an unknown port of entry.

5. On or about May 5, 1999, the USBP arrested GRANADOS at or near Carrizo Springs, Texas after determining that he had illegally entered the United States from Mexico. On an

unknown date, GRANADOS was voluntarily returned from the United States to Mexico via an unknown port of entry.

6. On or about May 7, 1999, the USBP arrested GRANADOS at or near Eagle Pass, Texas after determining that he had illegally entered the United States from Mexico. On an unknown date, GRANADOS was voluntarily returned from the United States to Mexico via an unknown port of entry.

7. On or about May 9, 1999, the USBP arrested GRANADOS at or near Eagle Pass, Texas after determining that he had illegally entered the United States from Mexico. On an unknown date, GRANADOS was voluntarily returned from the United States to Mexico via an unknown port of entry.

8. On or about March 27, 2013, GRANADOS was found guilty of Trafficking in Heroin, in violation of sections 2925.03(A)(1) and (C)(6)(f) of Ohio Revised Code, and Possession of Heroin, in violation of sections 2925.11(A) and (C)(6)(e) of the Ohio Revised Code, in the Fairfield County, Ohio Court of Common Pleas. On or about May 16, 2013, the Fairfield County, Ohio Court of Common Pleas sentenced GRANADOS to six years in prison.

9. On or about June 13, 2013, an ICE officer encountered GRANADOS at the Correctional Reception Center in Orient, Ohio. The ICE officer determined that GRANADOS was a citizen of Mexico who had entered the United States without being inspected or admitted by an immigration officer. GRANADOS was charged administratively as deportable as an inadmissible alien convicted of an aggravated felony under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as defined in section 101(a)(43)(B). GRANADOS was issued Alien Registration Number 205 785 970.

10. On or about June 17, 2013, GRANADOS was administratively ordered removed to Mexico by an authorized ICE official in Columbus, Ohio.

11. On or about August 23, 2018, ICE officers arrested GRANADOS at the Franklin Medical Center in Columbus, Ohio after he completed his prison sentence. On or about August 28, 2018, GRANADOS was physically removed from the United States to Mexico pursuant to his administrative removal order via the Laredo, Texas Port of Entry. On that day, GRANADOS surrendered his fingerprint and photo for Immigration Form I-205 (Warrant of Removal/Deportation) and signed the same. GRANADOS' departure was witnessed by an immigration officer who documented the departure by way of signature on Immigration Form I-205.

12. On or about September 20, 2020, the USBP encountered GRANADOS at or near Eagle, Pass, Texas. The USBP determined that GRANADOS had illegally entered the United

States and arrested him. On or about September 23, 2020, GRANADOS was expelled from the United States to Mexico via the Laredo, Texas Port of Entry.

13. On or about September 18, 2026, the Columbus Division of Police (CPD) encountered GRANADOS during a traffic stop in Columbus, Ohio. The CPD cited GRANADOS for No Operator's License and Window Tint Restrictions-Operate/Lease/Rent Vehicle Registered in Ohio. The CPD conducted record checks to identify GRANADOS and learned that he is a deported criminal and aggravated felon. The CPD contacted the ICE Law Enforcement Support Center in Williston, Vermont. The Law Enforcement Support Center and the CPD notified an ICE officer that GRANADOS was in custody. The CPD transported GRANADOS to the ERO office in Westerville, Ohio. Upon GRANADOS' arrival, an ICE officer identified himself to GRANADOS as an immigration officer. GRANADOS was interviewed, and he admitted to the officer that he is a citizen and national of Mexico without legal immigration status to be present in the United States. The ICE officer arrested GRANADOS. GRANADOS' fingerprints and photograph were queried in immigration and criminal history systems. Returned results indicated that GRANADOS had been previously removed from the United States after being convicted of an aggravated felony. Biometric and records checks confirmed that GRANADOS has not requested, applied to, or received permission from, the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-enter the United States after being deported, excluded, or removed.

I submit that the foregoing facts establish probable cause that GRANADOS has committed a violation of 8 U.S.C. §§ 1326(a) and (b)(2), in that GRANADOS is an alien who: (1) subsequent to sustaining a conviction for commission of an aggravated felony offense has been denied admission, excluded, deported, or removed, or has departed the U.S. while an order of exclusion, deportation or removal is outstanding; (2) thereafter entered, attempted to enter, or was found in the United Sates; and (3) did not have consent from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States prior to either his re-embarkation at a place outside the United States or his application for admission from a foreign contiguous territory.

SUHA D PENG
Digitally signed by SUHA D PENG
Date: 2026.10.02 15:29:19 -04'00'

Suha D. Peng
Deportation Officer
Immigration and Customs Enforcement

Sworn before me and subscribed in my presence on this 2nd day of October 2026.

HONORABLE S. COURTER M. SHIMEALL
United States Magistrate Judge